IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CESAR YAPIAS ZEVALLOS and EFRAIN PEREZ ARIAS,<br><br>                              Plaintiffs,<br>v.<br><br>PETE STAMATAKIS and MOUNTAIN PLAINS AGRICULTURAL SERVICE,<br><br>                              Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT PETE STAMATAKIS'S MOTION TO DISMISS**<br><br>Case No. 2:17-cv-00253-DN<br><br>District Judge David Nuffer |

Defendant Pete Stamatakis ("Mr. Stamatakis") filed a Motion to Dismiss[1] arguing that Plaintiffs failed to plead sufficient facts in their Complaint[2] to state plausible claims for violations of the Fair Labor Standards Act ("FLSA") and the Trafficking Victims Protection Reauthorization Act ("TVPRA"); breach of contract; quantum meruit; intentional infliction of emotion distress; and negligent infliction of emotional distress. Because Plaintiffs allege sufficient facts to state plausible claims for relief, Mr. Stamatakis's Motion to Dismiss[3] is DENIED.

## DISCUSSION

### Standard of Review

Mr. Stamatakis seeks dismissal of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] A defendant is entitled to dismissal under Rule 12(b)(6) when

---

[1] Defendant Pete Stamatakis's Motion to Dismiss for Failure to State a Claim and Supporting Memorandum ("Motion to Dismiss"), docket no. 28, filed Aug. 7, 2017.

[2] Docket no. 5, filed Apr. 6, 2017.

[3] Docket no. 28, filed Aug. 7, 2017.

[4] *Id.*

the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[5] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed.[6] "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[7] "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."[8]

Measured against this legal standard, Plaintiffs allege sufficient facts to state plausible claims against Mr. Stamatakis for violations of the FLSA and the TVPRA, breach of contract, quantum meruit, intentional infliction of emotion distress and negligent infliction of emotional distress.

**Plaintiffs allege sufficient facts to state a plausible FLSA claim**

The FLSA requires employers to pay a minimum wage to employees, who are "employed in an enterprise engaged in commerce."[9] "Any employer who violates [this provision] . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages."[10] And [a]n action to recover the liability prescribed . . . may be maintained against any employer[.]"[11] In order to recover under

---

[5] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[6] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[7] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[8] *Id.* at 1248.

[9] 29 U.S.C. § 206(a).

[10] *Id*. § 216(b).

[11] *Id.*

the FLSA, a plaintiff, whose work involved some kind of interstate commerce, must allege that an employer failed to pay minimum wages.[12]

Mr. Stamatakis argues that Plaintiffs fail to specify the alleged misconduct attributable to him, and that the allegations demonstrate their FLSA claim is merely *possible*, not *plausible*.[13] However, Plaintiffs allege Mr. Stamatakis was their employer, and that he failed to pay them at least a minimum wage for work that involved interstate commerce in violation of the FLSA.[14] These allegations are sufficient to state a plausible claim for violation of the FLSA against Mr. Stamatakis.

**Plaintiffs allege sufficient facts to state a plausible TVPRA claim**

Pursuant to 18 U.S.C. § 1595(a), any person who is a victim of a violation of the TVPRA, "may bring a civil action against the perpetrator (or whoever knowingly benefit[ted])" from the violation.[15] A violation of § 1589(a) of the TVPRA occurs when a person:

> knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means--
>
> > (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> >
> > (2) by means of serious harm or threats of serious harm to that person or another person;
> >
> > (3) by means of the abuse or threatened abuse of law or legal process; or
> >
> > (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint[.][16]

---

[12] *Id*. §§ 206(a), 216(b).

[13] Motion to Dismiss at 2-3.

[14] Complaint ¶¶ 23-24, 42, 71-75.

[15] 18 U.S.C. § 1595(a).

[16] *Id*. § 1589(a).

A violation of § 1589(b) of the TVPRA occurs when a person:

> knowingly benefits, financially or by receiving anything of value, from
> participation in a venture which has engaged in the providing or obtaining of
> labor or services by any of the means described in subsection (a), knowing or in
> reckless disregard of the fact that the venture has engaged in the providing or
> obtaining of labor or services by any of such means[.][17]

And a violation of § 1592(a) of the TVPRA occurs when a person:

> knowingly destroys, conceals, removes, confiscates, or possesses any actual or
> purported passport or other immigration document, or any other actual or
> purported government identification document, of another person--
>
> > (1) in the course of a violation of section 1581, 1583, 1584, 1589, 1590,
> > 1591, or 1594(a);
> >
> > (2) with intent to violate section 1581, 1583, 1584, 1589, 1590, or 1591; or
> >
> > (3) to prevent or restrict or to attempt to prevent or restrict, without lawful
> > authority, the person's liberty to move or travel, in order to maintain the
> > labor or services of that person, when the person is or has been a victim of
> > a severe form of trafficking in persons, as defined in section 103 of the
> > Trafficking Victims Protection Act of 2000[.][18]

Mr. Stamatakis argues Plaintiffs fail to specify the alleged misconduct attributable to him,
and that the allegations demonstrate that their TVPRA claim is merely *possible*, not *plausible*.[19]
However, Plaintiffs expressly allege Mr. Stamatakis used threats of force and serious harm such
as withholding food and water, death threats, threats of jail, and withholding wages to obtain
Plaintiffs' labor and services.[20] Plaintiffs also allege Mr. Stamatakis knowingly benefitted from
their labor in violation of § 1589 (b),[21] and that Mr. Stamatakis confiscated their passports and
other legal documents in order to coerce their services and restrict their ability to leave.[22] These

---

[17] *Id*. § 1589(b).

[18] *Id*. § 1592(a).

[19] Motion to Dismiss at 2-3.

[20] Complaint ¶¶ 42-43, 54, 70-72.

[21] *Id.* ¶¶ 22, 31.

[22] *Id.* ¶¶ 43-53.

allegations are sufficient to state a plausible claim for violations of the TVPRA against Mr. Stamatakis.

**Plaintiffs allege sufficient facts to state a plausible claim for breach of contract**

The elements for a breach of contract claim under Utah law are: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[23]

Mr. Stamatakis argues Plaintiffs fail to specify the alleged misconduct attributable to him, and that the allegations demonstrate that their breach of contract claim is merely *possible*, not *plausible*.[24] However, Plaintiffs allege the existence of a contract with Mr. Stamatakis based on their job order.[25] Department of Labor regulations state that "[i]n the absence of a separate, written work contract . . . the required terms of the job order and the certified Application for Temporary Employment Certification will be the work contract."[26] Plaintiffs also allege they performed on the contract by working at Mr. Stamatakis's ranch.[27] Plaintiffs further allege Mr. Stamatakis breached the contract by failing to abide by the terms of the job order, including: not providing adequate housing; withholding wages; and not providing sufficient food and water.[28] And Plaintiffs allege they incurred damages as a result of these breaches.[29] These allegations are sufficient to state a plausible claim for breach of contract against Mr. Stamatakis.

---

[23] *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230-21 (Utah 2014) (internal quotations omitted).

[24] Motion to Dismiss at 2-3.

[25] Complaint ¶¶ 23-29, 94-95.

[26] 20 C.F.R. § 655.122(q).

[27] Complaint ¶¶ 30-39, 96.

[28] *Id.* ¶¶ 25-26, 40-43, 64-67, 71-73, 76, 97.

[29] *Id.* ¶¶ 98-99.

**Plaintiffs allege sufficient facts to state a plausible claim for quantum meruit**

"Quantum meruit is an equitable tool that allows a plaintiff to receive restitution for the reasonable value of services provided to the defendant."[30] Under Utah law, to plead a claim for quantum meruit, "the plaintiff must establish that the defendant (1) received a benefit, (2) appreciated or had knowledge of this benefit, and (3) retained the benefit under circumstances that would make it unjust for the defendant to do so."[31]

Mr. Stamatakis argues Plaintiffs fail to specify the alleged misconduct attributable to him, and that the allegations demonstrate that their quantum meruit claim is merely *possible*, not *plausible*.[32] However, Plaintiffs allege Mr. Stamatakis knowingly received the benefit of their labor at his farm, and that retention of this benefit without adequate remuneration would be unjust.[33] These allegations are sufficient to state a plausible claim for quantum meruit against Mr. Stamatakis.

**Plaintiffs allege sufficient facts to state a plausible claim for
intentional infliction of emotional distress**

To assert a claim for intentional infliction of emotional distress under Utah law, a plaintiff must allege facts showing the following elements: "(1) outrageous conduct by the defendant; (2) the defendant's intent to cause, or the reckless disregard of the probability of causing, emotional distress; (3) severe emotional distress; and (4) an actual and proximate causal link between the tortious conduct and the emotional distress."[34]

---

[30] *Express Recovery Servs. Inc. v. Reuling*, 364 P.3d 766, 770 (Utah Ct. App. 2015) (internal quotations omitted).

[31] *Id*. (internal quotations omitted).

[32] Motion to Dismiss at 2-3.

[33] Complaint ¶¶ 22, 31, 42, 71-72.

[34] *White v. Blackburn*, 787 P.2d 1315, 1317 (Utah Ct. App. 1990).

Mr. Stamatakis argues Plaintiffs fail to specify the alleged misconduct attributable to him, and that the allegations demonstrate that their intentional infliction of emotional distress claim is merely *possible*, not *plausible*.[35] However, Plaintiffs allege Mr. Stamatakis "engaged in a continuing pattern of abusive, intimidating, and outrageous behavior towards both Plaintiffs" by, among other things, withholding food, water, medicine, wages and adequate housing, and by making threats of bodily injury, jail and death with the intent or reckless disregard of causing emotional distress.[36] Plaintiffs also allege they suffered emotional distress because of Mr. Stamatakis's actions.[37] These allegations are sufficient to state a plausible claim for intentional infliction of emotional distress against Mr. Stamatakis.

**Plaintiffs allege sufficient facts to state a plausible claim for
negligent infliction of emotional distress**

Under Utah law, to state a claim for negligent infliction of emotional distress, a plaintiff must plead facts showing the elements found in § 313 of the Restatement (Second) of Torts (1965), which states:

(1) If the actor unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor

(a) should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and

(b) from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm.[38]

Mr. Stamatakis argues Plaintiffs fail to specify the alleged misconduct attributable to him, and that the allegations demonstrate that their negligent infliction of emotional distress claim is

---

[35] Motion to Dismiss at 2-3.

[36] Complaint ¶¶ 40-43, 64-67, 71-72, 103-104.

[37] *Id.* ¶¶ 45, 53, 62, 69-70, 74, 81-82.

[38] *White*, 787 P.2d at 1318 (quoting Restatement (Second) of Torts § 313 (1965)).

merely *possible*, not *plausible*.[39] However, Plaintiffs allege Mr. Stamatakis should have realized that his actions would cause emotional distress, illness, or bodily harm to Plaintiffs when he withheld food, water, medicine, wages, and adequate housing, and made threats of bodily injury, jail and death.[40] These allegations are sufficient to state a plausible claim for negligent infliction of emotional distress against Mr. Stamatakis.

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Mr. Stamatakis's Motion to Dismiss[41] is DENIED.

Signed December 6, 2017.

BY THE COURT

_____

District Judge David Nuffer

---

[39] Motion to Dismiss at 2-3.

[40] Complaint ¶¶ 40-43, 64-67, 71-72, 108-109.

[41] Docket no. 28, filed Aug. 7, 2017.