Andrew G. Deiss (7184)
DEISS LAW PC
10 West 100 South, Suite 425
Salt Lake City, UT 84101
Telephone: (801) 433-0226
adeiss@deisslaw.com

J. Larry Stine, *Admitted Pro Hac Vice*
WIMBERLY, LAWSON, STECKEL, SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404)365-0900
jls@wimlaw.com

*Attorneys for Defendant Mountain Plains Agricultural Service*

**IN THE UNITED STATES DISTRICT COURT,**
**DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| CESAR YAPIAS ZEVALLOS and EFRAIN PEREZ ARIAS,<br>Plaintiffs,<br>vs.<br>PETE STAMATAKIS and MOUNTAIN PLAINS AGRICULTURAL SERVICE,<br>Defendants. | **DEFENDANT MOUNTAIN PLAINS AGRICULTURAL SERVICE'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Civil No. 2:17-cv-00253-DN-EJF<br><br>Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

COMES NOW Defendant Mountain Plains Agricultural Service (MPAS), by and through counsel, and files the following Answer and Defenses to Plaintiffs' First Amended Complaint (Dkt. 67), as follows:

## FIRST DEFENSE

Defendant MPAS answers the numbered paragraphs of Plaintiffs' First Amended Complaint (Dkt. 67), as follows:

1. Defendant MPAS denies the allegations contained in Paragraph 1. MPAS assisted Defendant Stamatakis in procuring government agency approval for employing non-immigrant foreign workers on his Utah ranch. Defendant MPAS also provided instruction to visa applicants regarding the U.S. State Department process for applicants to procure visas. Defendant MPAS is not authorized to procure or issue U.S. non-immigrant H-2A visas and is without sufficient knowledge to admit or deny Plaintiffs' origins, and, on that basis, denies the same.

2. Defendant MPAS denies the allegations contained in Paragraph 2.

3. Defendant MPAS denies that Plaintiffs worked for it and is without sufficient knowledge either to admit or deny the other allegations contained in Paragraph 3, and, on that basis, denies the same.

4. Defendant MPAS denies the allegations contained in Paragraph 4. It is specifically denied that Defendant MPAS was at any time an employer of any Plaintiff, that any of Plaintiffs' claims have merit, and that any Plaintiff is entitled to any relief whatsoever.

5. Defendant MPAS admits in part and denies in part the allegations in Paragraph 5. It is admitted that this Court has jurisdiction over matters of the type herein alleged pursuant to 28 U.S.C. §1331 (federal question) and §1337 (interstate commerce), and for claims brought under 29 U.S.C. §216 (b) (the Fair Labor Standards Act ("FLSA")) and 18 U.S.C. §1595 (Trafficking Victims Protection Reauthorization Act ("TVPRA")). It is denied that

Plaintiffs' claims have merit. Further, since these Federal claims are not valid, this Court should decline to exercise supplemental jurisdiction over the claims asserted under Utah law. Defendant MPAS denies all other allegations in Paragraph 5.

6. Defendant MPAS admits in part and denies in part the allegations contained in Paragraph 6. It is admitted that venue would be proper in this Court for the types of claims asserted. Because it is denied that Plaintiffs' claims have merit, and therefore that this Court has jurisdiction, it is also denied that venue is proper. Defendant MPAS denies all other allegations in paragraph 6.

7. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 7, and, on that basis, denies the same.

8. Defendant MPAS admits in part the allegations contained in Paragraph 8. Named defendant Pete Stamatakis is deceased.

9. Defendant MPAS admits the allegations contained in Paragraph 9.

10. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 10, and, on that basis, denies the same.

11. Defendant MPAS denies the allegations contained in Paragraph 11.

12. Defendant MPAS admits the allegations contained in Paragraph 12.

13. The allegations contained in Paragraph 13 a legal conclusion to which no response is required. To the extent a response is required, Defendant MPAS states the applicable regulations speak for themselves and to the extent that the allegations of Paragraph 13 are inconsistent with the applicable regulations, Defendant MPAS denies the same.

14. The allegations contained in Paragraph 14 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant MPAS states the applicable regulations speak for themselves and to the extent that the allegations of Paragraph 14 are inconsistent with the applicable regulations, Defendant MPAS denies the same.

15. The allegations contained in Paragraph 15 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant MPAS states the applicable regulations speak for themselves and to the extent that the allegations of Paragraph 15 are inconsistent with the applicable regulations, Defendant MPAS denies the same.

16. The allegations contained in Paragraph 16 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant MPAS states the applicable regulations speak for themselves and to the extent that the allegations of Paragraph 16 are inconsistent with the applicable regulations, Defendant MPAS denies the same.

17. The allegations contained in Paragraph 17 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant MPAS states the applicable regulations speak for themselves and to the extent that the allegations of Paragraph 17 are inconsistent with the applicable regulations, Defendant MPAS denies the same.

18. The allegations contained in Paragraph 18 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant MPAS states the

applicable regulations speak for themselves and to the extent that the allegations of Paragraph 18 are inconsistent with the applicable regulations, Defendant MPAS denies the same.

19. Defendant MPAS admits in part and denies in part the allegations contained in Paragraph 19. It admits that the pay for sheepherders was $750 a month and was raised to $1206.31 effective November 16, 2015. Defendant MPAS denies all other allegations.

20. Defendant MPAS admits in part and denies in part the allegations contained in Paragraph 20. MPAS admits it prepared Attachment A to ETA-790 for use by its rancher members and as an agent for Defendant Stamatakis. MPAS also admits that as an agent, it used the form to answer questions on behalf Defendant Pete Stamatakis on ETA-790. It is specifically denied that Defendant MPAS filed as a joint employer with Defendant Stamatakis. All other allegations contained in Paragraph 20 are denied. It is specifically denied that MPAS was ever an employer, or joint employer with any other party, of any Plaintiff.

21. Defendant MPAS admits in part and denies in part the allegations contained in Paragraph 21. The allegations are admitted as to Defendant Pete Stamatakis and denied as to Defendant MPAS.

22. Defendant MPAS denies Paragraph 22. Defendant MPAS only assists its members with the visa paperwork and application process.

23. Defendant MPAS denies the allegations contained in Paragraph 23.

24. Defendant MPAS denies the allegations contained in Paragraph 24.

25. Defendant MPAS admits in part and denies in part the allegations contained in Paragraph 25. It is admitted that MPAS is a nonprofit and that its purpose is "to serve the common business interest of agricultural employers in establishing a continuous source of labor." All other allegations contained in Paragraph 25 are denied.

26. Defendant MPAS denies the allegations contained in Paragraph 26. It is specifically denied that MPAS was ever an employer, or joint employer with any other party, of any Plaintiff. Further, MPAS denies that it is in an enterprise with Defendants Stamatakis.

27. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 27, and, on that basis, denies the same. It is specifically denied that MPAS was ever an employer, or joint employer with any other party, of any Plaintiff, and that any Plaintiff every performed any job duties whatsoever for Defendant MPAS.

28. Defendant MPAS denies Paragraph 28. It is specifically denied that MPAS was ever an employer, or joint employer with any other party, of any Plaintiff, and that any Plaintiff every performed any job duties whatsoever for Defendant MPAS.

29. Defendant MPAS denies the allegations contained in Paragraph 29. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of any Plaintiff.

30. Defendant MPAS denies the allegations contained in Paragraph 30.

31. Defendant MPAS denies the allegations contained in Paragraph 31. It is specifically denied that MPAS was ever an employer, or joint employer with any other party, of any Plaintiff, and that any Plaintiff every performed any job duties whatsoever for Defendant MPAS.

32. Defendant MPAS denies the allegations contained in Paragraph 32 to the extent that they suggest MPAS was at any time an employer of any Plaintiff. It is specifically denied that

MPAS was ever any Plaintiff's employer, or that it ever entered into a contractual relationship with any Plaintiff. As to the dates of Plaintiffs' employment, Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 32, and, on that basis, denies the same. All other allegations contained in Paragraph 32 are denied.

33. Defendant MPAS denies the allegations contained in Paragraph 33 to the extent that they suggest MPAS was at any time the employer of any Plaintiff. It is specifically denied that MPAS was ever any Plaintiff's employer, or that it ever entered into any contractual relationship with any Plaintiff. As to the dates of Plaintiffs' employment, Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 33, and, on that basis, denies the same. All other allegations contained in Paragraph 33 are denied.

34. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 34 and, on that basis, denies the same. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of Plaintiffs. All other allegations contained in Paragraph 34 are denied.

35. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 35 and, on that basis, denies the same.

36. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 36 and, on that basis, denies the same. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of Plaintiffs. All other allegations contained in Paragraph 36 are denied.

37. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 37 and, on that basis, denies the same.

38. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 38 and, on that basis, denies the same.

39. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 39 and, on that basis, denies the same.

40. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 40 and, on that basis, denies the same. To the extent the allegations of paragraph 40 suggest that MPAS entered into a contract with any Plaintiff, it is specifically denied that MPAS ever entered into any contractual relationship with any Plaintiff.

41. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 41 and, on that basis, denies the same. To the extent the allegations of paragraph 41 suggest that MPAS entered into a contract with any Plaintiff, it is specifically denied that MPAS ever entered into any contractual relationship with any Plaintiff

42. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 42 and, on that basis, denies the same.

43. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 43 and, on that basis, denies the same.

44. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 44 and, on that basis, denies the same.

45. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 45 and, on that basis, denies the same.

46. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 46 and, on that basis, denies the same.

47. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 47 and, on that basis, denies the same.

48. Defendant MPAS denies the allegations contained in Paragraph 48.

49. Defendant MPAS denies the allegations contained in Paragraph 49.

50. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 50 and, on that basis, denies the same.

51. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 51 and, on that basis, denies the same.

52. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 52 and, on that basis, denies the same.

53. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 53 and, on that basis, denies the same.

54. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 54 and, on that basis, denies the same.

55. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 55 and, on that basis, denies the same.

56. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations concerning Defendant Stamatakis contained in Paragraph 56 and, on that basis, denies the same.

57. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 57 and, on that basis, denies the same.

58. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 58 and, on that basis, denies the same.

59. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 59 and, on that basis, denies the same.

60. Defendant MPAS denies the allegations contained in Paragraph 60.

61. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations concerning Defendant Stamatakis contained in Paragraph 61 and, on that basis, denies the same. All other allegations contained in Paragraph 61 are denied. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of any Plaintiff.

62. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 62 and, on that basis, denies the same.

63. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 63 and, on that basis, denies the same.

64. Defendant MPAS denies the allegations contained in Paragraph 64 as to itself. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 64 concerning Stamatakis and, on that basis, denies the same.

65. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 65 and, on that basis, denies the same.

66. Defendant MPAS denies the allegations contained in Paragraph 66. It is specifically denied that Defendant MPAS derived any benefit from labor performed by any Plaintiff, or that it was at any time an employer, or joint employer with another party, of any Plaintiff.

67. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 67 and, on that basis, denies the same.

68. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 68 and, on that basis, denies the same. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of any Plaintiff.

69. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 69 and, on that basis, denies the same.

70. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 70 and, on that basis, denies the same.

71. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 71 and, on that basis, denies the same.

72. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 72 and, on that basis, denies the same.

73. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 73 and, on that basis, denies the same.

74. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 74 and, on that basis, denies the same.

75. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 75 and, on that basis, denies the same. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of any Plaintiff.

76. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 76 and, on that basis, denies the same.

77. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 77 and, on that basis, denies the same.

78. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 78 and, on that basis, denies the same.

79. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 79 and, on that basis, denies the same.

80. Defendant MPAS denies the allegations contained in Paragraph 80. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of any Plaintiff. It is further denied that Defendant MPAS ever entered into any contractual relationship with any Plaintiff.

81. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 81 and, on that basis, denies the same.

82. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 82 and, on that basis, denies the same. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of any Plaintiff. It is further denied that Defendant MPAS ever entered into any contractual relationship with any Plaintiff and denies all allegations.

83. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 83 and, on that basis, denies the same.

84. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 84 and, on that basis, denies the same.

85. Defendant MPAS denies the allegations contained in Paragraph 85. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of Plaintiffs.

86. Defendant MPAS denies the allegations contained in Paragraph 86. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of Plaintiffs.

87. Defendant MPAS is without sufficient knowledge either to admit or deny the allegations contained in Paragraph 87 and, on that basis, denies the same.

88. Defendant MPAS denies the allegations in Paragraph 88. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of any Plaintiff.

89. Defendant MPAS denies the allegations in Paragraph 89.

90. Defendant MPAS denies the allegations contained in Paragraph 90. It is specifically denied that MPAS was at any time an employer, or joint employer with another party, of any Plaintiff.

91. Defendant MPAS denies the allegations contained in Paragraph 91.

92. Defendant MPAS restates its Answers to Paragraphs 1 – 91 of Plaintiffs' First Amended Complaint as if set forth fully herein.

93. Defendant MPAS denies the allegations contained in Paragraph 93. It is specifically denied that MPAS ever derived any benefit from the labor of any Plaintiff.

94. Defendant MPAS denies the allegations contained in Paragraph 94.

95. Defendant MPAS denies the allegations contained in Paragraph 95.

96. Defendant MPAS denies the allegations contained in Paragraph 96.

97. Defendant MPAS restates its Answers to Paragraphs 1 – 96 of Plaintiffs' First Amended Complaint as if set forth fully herein.

98. Defendant MPAS denies the allegations contained in Paragraph 98. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of Plaintiffs. It is further denied that MPAS ever entered into a contract with any Plaintiff.

99. Defendant MPAS denies the allegations contained in Paragraph 99. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of Plaintiffs. It is denied that MPAS ever entered into a contract with any Plaintiff.

100. Defendant MPAS denies the allegations contained in Paragraph 100.

101. Defendant MPAS denies the allegations contained in Paragraph 101.

102. Defendant MPAS restates its Answers to Paragraphs 1 – 101 of Plaintiffs' First Amended Complaint as if set forth fully herein.

103. Defendant MPAS denies the allegations contained in Paragraph 103.

104. Defendant MPAS denies the allegations contained in Paragraph 104.

105. Defendant MPAS denies the allegations contained in Paragraph 105. It is specifically denied that MPAS was ever an employer, or joint employer with another party, of Plaintiffs. It is further denied that Defendant MPAS derived any benefit form from any labor or services performed by any Plaintiff.

106. Defendant MPAS denies the allegations contained in Paragraph 106.

107. Defendant MPAS denies the allegations contained in Paragraph 107.

108. Defendant MPAS denies the allegations contained in Paragraph 108.

109. Defendant MPAS denies the allegations contained in Paragraph 109.

110. Defendant MPAS restates its Answers to Paragraphs 1 – 109 of Plaintiffs' First Amended Complaint as if set forth fully herein.

111. Defendant MPAS denies the allegations contained in Paragraph 111. It is specifically denied that Defendant MPAS ever derived any benefit from the labor of any Plaintiff.

112. Defendant MPAS denies the allegations contained in Paragraph 112.

113. Defendant MPAS denies the allegations contained in Paragraph 113.

114. Defendant MPAS restates its Answers to Paragraphs 1 – 113 of Plaintiffs' First Amended Complaint as if set forth fully herein.

115. Defendant MPAS denies the allegations contained in Paragraph 115.

116. Defendant MPAS denies the allegations contained in Paragraph 116.

117. Defendant MPAS denies the allegations contained in Paragraph 117.

118. Defendant MPAS denies the allegations contained in Paragraph 118.

119. Defendant MPAS restates its Answers to Paragraphs 1 – 119 of Plaintiffs' First Amended Complaint as if set forth fully herein.

120. Defendant MPAS denies the allegations contained in Paragraph 120.

121. Defendant MPAS denies the allegations contained in Paragraph 121.

122. Defendant MPAS denies the allegations contained in Paragraph 122.

123. Defendant MPAS denies the allegations contained in Paragraph 123.

124. As to Plaintiffs' Prayer for Relief, to the extent that an answer is required, Defendant MPAS denies that any Plaintiff is entitled to any relief whatsoever.

**SECOND DEFENSE**

Defendant MPAS is not and never has been the employer or joint employer of any Plaintiff.

**THIRD DEFENSE**

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

**FOURTH DEFENSE**

Some or all of Plaintiffs' claims are barred because of the agricultural exemptions in the Fair Labor Standards Act, 29 U.S.C. §213(a)(6)(E).

**FIFTH DEFENSE**

Some or all of Plaintiffs' claims alleging breach of contract, quantum meruit, and/or unjust enrichment may not be asserted against Defendant MPAS because there exists no privity of contract between Defendant MPAS and any Plaintiff.

**SIXTH DEFENSE**

Plaintiffs have failed to mitigate damages or have not been damaged.

**SEVENTH DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

**EIGHTH DEFENSE**

All of Defendant MPAS's actions were taken in good faith.

**NINTH DEFENSE**

To the extent the principles of comparative fault apply, Plaintiffs' claims are barred by the same and Plaintiffs' recovery against MPAS should be reduced by the fault of Plaintiff as well as the fault of any other individual or entity, including but not limited to any individual or entity who is a party in this action, who was or may be at fault as provided by Utah Code Ann §78B-5-818.

THEREFORE, this case should be dismissed, with prejudice, and judgment entered in favor of Defendant MPAS and costs and attorney fees be awarded.

RESPECTFULLY SUBMITTED this 10th day of January 2019.

DEISS LAW PC

/s/ *Andrew Deiss*
Andrew Deiss

WIMBERLY, LAWSON, STECKEL, SCHNEIDER & STINE, P.C.

*/s/ J. Larry Stine*
J. Larry Stine
*Admitted Pro Hac Vice*

*Attorneys for Defendant Mountain Plains Agricultural Service*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2019, I caused to be served the forgoing **DEFENDANT MOUNTAIN PLAINS AGRICULTURAL SERVICE'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** upon all counsel of record via the Court's ECF system.

/s/ *Zach Abend*