Tyler V. Snow, Utah Bar No. 12668
tyler.snow@chrisjen.com
Kristen C. Kiburtz, Utah Bar No. 12572
kristen.kiburtz@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah  84111
Telephone:  (801) 323-5000
Facsimile:  (801) 355-3472
*Attorneys for Sharon Stamatakis &*
*Sharon Stamatakis as the Personal*
*Representative of the Estate of Pete*
*Stamatakis*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| CESAR YAPIAS ZEVALLOS, EFRAIN PEREZ ARIAS, RONNI CAPCHA ALANIA, and DOES 1-10,<br><br>        Plaintiffs,<br><br>    vs.<br><br>SHARON STAMATAKIS AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF PETE STAMATAKIS, SHARON STAMATAKIS, MOUNTAIN PLAINS AGRICULTURAL SERVICE, and DOES 1-10,<br><br>        Defendants. | **DEFENDANT SHARON STAMATAKIS'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br><br>Civil No. 2:17-cv-253-DN-EJF<br>Judge David Nuffer<br>Magistrate Judge Evelyn J. Furse |

COMES NOW Defendant Sharon Stamatakis (hereinafter "this defendant"), by and through undersigned counsel, and hereby submits her Answer to Plaintiffs' First Amended Complaint ("Complaint") as follows:

//

1

## **GENERAL DENIAL**

Unless otherwise specifically admitted, each and every allegation in the Complaint is denied.

## **ANSWER TO COMPLAINT**

### PRELIMINARY STATEMENT

1.      This defendant admits that plaintiffs came from Peru.  This defendant submits that Mr. Stamatakis (only) owned a sheepherding business.  This defendant denies any remaining allegations alleged or implied in paragraph 1.

2.      This defendant denies, for lack of sufficient knowledge and information, whether some wages may still be owed to one or more of the plaintiffs.  This defendant denies any remaining allegations alleged or implied in paragraph 2.

3.      In response to paragraph 3, this defendant submits that each of the plaintiffs worked only one full contract period for Mr. Stamatakis.  Two of the plaintiffs (Cesar Yapias Zevallos and Efrain Perez Arias) returned to work briefly but absconded[1] after beginning a second contract period.  This defendant denies any remaining allegations alleged or implied in paragraph 3.

4.      This defendant admits that Plaintiffs' Complaint identifies the causes of action as listed, but specifically denies that defendants are liable under any of the claims, that Plaintiffs' claims have any merit, or that Plaintiffs are entitled to any relief.

//

---

[1] An H-2A temporary worker "absconds" if he/she does not report to work for 5 consecutive days without the employer's consent.  8 C.F.R. § 214.2(h)(5)(vi)(E).

## JURISDICTION AND VENUE

5.     Paragraph 5 calls for a legal conclusion to which no response is required.  Solely to the extent that a response is deemed to be required, this defendant does not dispute this Court's jurisdiction, but reserves the right to challenge supplemental jurisdiction if the Court dismisses the federal claims.

6.     Paragraph 6 calls for a legal conclusion to which no response is required.  Solely to the extent that a response is deemed to be required, this defendant denies and affirmatively avers that the correct venue is the United States District Court for the Southern Region of Utah.

7.     This defendant denies, for lack of sufficient knowledge and information, the allegations of paragraph 7.

8.     This defendant submits that she resides in Utah but that Mr. Stamatakis is deceased.  This defendant denies the remainder of paragraph 8 for lack of sufficient knowledge and information.

## FACTS

9.     As to this defendant, this defendant denies paragraph 9.  As to Mr. Stamatakis, this defendant submits that Mr. Stamatakis operated a sheep business.  This defendant also submits that Mr. Stamatakis' business spanned many thousand acres including the counties identified.  This defendant denies any remaining allegations alleged or implied in paragraph 9.

10.     This defendant denies that she and Mr. Stamatakis were joint owners of the sheep business.  In response to paragraph 10, this defendant submits that Mr. Stamatakis owned a sheep business and operated it under his own name and only his name.  This defendant also submits that Mr. Stamatakis did not form any business entity for his business.  This defendant denies any

remaining allegations alleged or implied in paragraph 10.

11.     This defendant denies, for lack of sufficient knowledge and information, the allegations of paragraph 11.

12.     As to this defendant, this defendant denies paragraph 12.  This defendant submits that Mr. Stamatakis was a member of MPAS.  This defendant denies, for lack of sufficient knowledge and information, the remaining allegations alleged or implied in paragraph 12.

13.     Paragraph 13 calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed to be required, this defendant asserts that the cited laws and associated regulations speak for themselves.  Furthermore, to the extent Plaintiffs' allegations are inconsistent with or otherwise contradict the cited laws and associated regulations, this defendant denies.

14.     Paragraph 14 calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed to be required, this defendant asserts that the cited laws and associated regulations speak for themselves.  Furthermore, to the extent Plaintiffs' allegations are inconsistent with or otherwise contradict the cited laws and associated regulations, this defendant denies.

15.     Paragraph 15 calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed to be required, this defendant asserts that the cited laws, associated regulations, and job orders speak for themselves.  Furthermore, to the extent Plaintiffs' allegations are inconsistent with or otherwise contradict the cited laws, associated regulations, and job orders, this defendant denies.

16.     Paragraph 16 calls for a legal conclusion to which no response is required.  Solely

to the extent a response is deemed to be required, this defendant asserts that the cited laws, associated regulations, and job orders speak for themselves.  Furthermore, to the extent Plaintiffs' allegations are inconsistent with or otherwise contradict the cited laws, associated regulations, and job orders, this defendant denies.

17.     Paragraph 17 calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed to be required, this defendant asserts that the cited laws, associated regulations, and job orders speak for themselves.  Furthermore, to the extent Plaintiffs' allegations are inconsistent with or otherwise contradict the cited laws, associated regulations, and job orders, this defendant denies.

18.     Paragraph 18 calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed to be required, this defendant asserts that the cited laws and associated regulations speak for themselves.  Furthermore, to the extent Plaintiffs' allegations are inconsistent with or otherwise contradict the cited laws and associated regulations, this defendant denies the same.

19.     Paragraph 19 calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed required, this defendant asserts that the cited laws and associated regulations speak for themselves.  Furthermore, to the extent Plaintiffs' allegations are inconsistent with or otherwise contradict the cited laws and associated regulations, this defendant denies.

20.     This defendant denies.

21.     Paragraph 21 calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed required, this defendant asserts that the cited laws and

associated regulations speak for themselves.  Furthermore, to the extent Plaintiffs' allegations are inconsistent with or otherwise contradict the cited laws and associated regulations, this defendant denies.

22.     Denies, for lack of sufficient knowledge and information, the allegations alleged or implied in paragraph 22.

23.     This defendant denies, for lack of sufficient knowledge and information, the allegations in paragraph 23.

24.     This defendant denies, for lack of sufficient knowledge and information, the allegations in paragraph 24, and otherwise notes that paragraph 24 calls for a legal conclusion, to which no response is required.

25.     This defendant denies, for lack of sufficient knowledge and information, the allegations in paragraph 25.

26.     This defendant denies it acted as an enterprise whose annual revenue is above $500,000 and is subject to the FLSA. This defendant denies, for lack of sufficient knowledge and information, the remaining allegations in paragraph 26.

27.     Paragraph 27 calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed required, this defendant denies.

28.     Paragraph 28 calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed required, this defendant denies.

29.     Paragraph 29 calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed required, this defendant denies as to this defendant.  Further answering, this defendant asserts that Exhibit A speak for itself.  Furthermore, to the extent

Plaintiffs' allegations are inconsistent with or otherwise contradict Exhibit A, this defendant denies.  This defendant denies the remaining allegations asserted or implied, for lack of sufficient knowledge or information.

30.    This defendant denies.

31.    This defendant is unaware of what Plaintiffs deem "material" and therefore deny this allegation for lack of sufficient knowledge or information.  This defendant denies the remaining allegations asserted or implied in paragraph 31.

32.    This defendant submits that Plaintiff Yapias began working for Mr. Stamatakis in or around October 2013 until he absconded[2] without notice in April 2016.  This defendant denies the allegations asserted against MPAS for lack of sufficient knowledge or information.  This defendant denies all other remaining allegations alleged or implied in paragraph 32.

33.    In response to paragraph 33, this defendant admits that Plaintiff Perez began working for Mr. Stamatakis in or around April 2013 and continuing through November 2015, when Plaintiff Perez returned to Peru without any objection by Mr. Stamatakis.  This defendant further admits that Plaintiff Perez returned to work in or around March 2016 until he absconded[3] without notice in May 2016.  This defendant denies the remainder of paragraph 33 for lack of knowledge or sufficient information.

34.    In response to paragraph 34, this defendant submits that Plaintiff Capcha worked for Mr. Stamatakis.  This defendant denies the remainder of paragraph 34 for lack of knowledge or sufficient information.

---

[2] *See supra* Note 1.
[3] *See supra* Note 1.

35.     This defendant denies the allegations in paragraph 35.   In response to this paragraph, this defendant also submits that there were no promises made to Plaintiff Perez.   This defendant further submits that Plaintiff Perez damaged the trailer that he utilized.

36.     This defendant denies the allegations in paragraph 36.

37.     In response to paragraph 37, this defendant submits that she is without sufficient knowledge or information regarding what Plaintiff Perez deemed material.   This defendant denies any remaining allegations alleged or implied in paragraph 37.

38.     In response to paragraph 38, this defendant submits that pursuant to applicable regulations, sheepherders may be on call 24 hours a day, but that does not mean that sheepherders, including Plaintiffs, "work" 16 hours per day.   This defendant further submits that if either Plaintiff wanted to terminate their relationship with Mr. Stamatakis at any time and return to Peru, Mr. Stamatakis would not have objected.   This defendant denies any remaining allegations asserted or implied in paragraph 38.

39.     Paragraph 39 calls for a legal conclusion to which no response is required.   Solely to the extent a response is deemed required, this defendant asserts that the cited laws and associated regulations speak for themselves.   Furthermore, to the extent Plaintiffs' allegations are inconsistent with or otherwise contradict the cited law and associated regulations, this defendant denies.

40.     This defendant submits that Plaintiff Yapias worked for Mr. Stamatakis as a sheepherder from in or around October 2013 until he absconded[4] from the ranch without notice in or around April 2016.   This defendant denies any remaining allegations stated or implied by

---

[4] See supra Note 1.

paragraph 40.

41.     This defendant denies.

42.     This defendant admits that Plaintiff Perez worked for Mr. Stamatakis as a sheepherder from in or around April 2013 to November 2015.  This defendant further admits that Plaintiff Perez returned to the ranch in or around March 2016 to continue work as a sheepherder but absconded[5] without notice in or around May 2016.  This defendant denies any remaining allegations alleged or implied in paragraph 42.

43.     This defendant denies.

44.     In response to paragraph 44, this defendant submits that Plaintiff Capcha worked for Mr. Stamatakis as a sheepherder.   This defendant denies the remaining allegations in paragraph 44 for lack of sufficient knowledge and information.

45.     This defendant denies paragraph 45.  This defendant also submits that at all times relevant, Plaintiffs were engaged in work as "sheepherders" as defined by applicable law and regulations.

46.     In response to paragraph 46,  this defendant submits that Plaintiffs were on the range.   This defendant further submits that the sheepherding camps met all applicable regulations.  This defendant also submits that Plaintiffs had access to a working refrigerator, a toilet, lights, and potable water.  This defendant denies any remaining allegations asserted or implied by paragraph 46.

47.     In response to paragraph 47,  this defendant submits that Plaintiffs were on the range and, at times did not have access to an indoor toilet.  This defendant further submits that

---

[5] *See supra* Note 2.

the sheepherding camps met all applicable regulations.  This defendant denies any remaining allegations asserted or implied by paragraph 47.

48.     In response to paragraph 48, this defendant submits that neither the Federal minimum wage nor the Adverse Effect Wage Rate apply in this case.  Paragraph 48 also calls for a legal conclusion to which no response is required.  Solely to the extent a response is deemed required, this defendant asserts that the cited laws, associated regulations, and alleged contract speak for themselves.  Furthermore, to the extent Plaintiffs' allegations are inconsistent with or otherwise contradict the cited laws, associated regulations, and alleged contract, this defendant denies.  This defendant also denies any remaining allegation asserted or implied in paragraph 48.

49.     This defendant denies.

50.     This defendant denies.

51.     This defendant denies.

52.     This defendant denies.

53.     This defendant denies.

54.     This defendant denies.

55.     In response to paragraph 55, this defendant submits that Mr. Stamatakis' son picked up Yapias' passport for Yapias.  This defendant denies any remaining allegations stated or implied by paragraph 55.

56.     This defendant denies.

57.     This defendant denies.

58.     This defendant denies.

59.     This defendant denies.

60.     This defendant denies.

61.     This defendant denies.

62.     In response to paragraph 62, this defendant submits that Plaintiffs often lived in remote, mountainous locations known as the range.   This defendant denies the remaining allegations asserted or implied by paragraph 62.

63.     This defendant denies.

64.     This defendant denies, for lack of sufficient knowledge and information, whether Plaintiff Yapias asked a coworker to report his working conditions to MPAS and any alleged conversation that this supposed coworker had with MPAS.  This defendant denies any remaining allegations stated or implied by paragraph 64.

65.     In response to paragraph 65, this defendant submits that Plaintiffs were often in remote, mountainous locations known as the range.   This defendant denies the remaining allegations stated or implied by paragraph 65.

66.     This defendant denies.

67.     This defendant denies.

68.     This defendant denies.

69.     This defendant denies.

70.     This defendant denies.

71.     In response to paragraph 71, this defendant submits that all trailers were in working and clean order prior to Plaintiffs residing there.  Thereafter, upon information and belief, Plaintiff Perez broke the windows and Plaintiff Yapias damaged the door.  This defendant denies any remaining allegations stated or implied in paragraph 71.

72.     In response to paragraph 72, this defendant submits that adequate heating units were provided.  This defendant denies any remaining allegations alleged or implied in paragraph 72.

73.     In response to paragraph 73, this defendant submits that the sheepherding camps met all applicable regulations.  This defendant denies any remaining allegations alleged or implied in paragraph 73.

74.     In response to paragraph 74, this defendant submits that Plaintiff Perez was located in a remote location, known as the range.  This defendant also submits that Mr. Stamatakis purchased whatever Plaintiffs requested, including cold and pain medications.  This defendant denies any remaining allegations asserted or implied in paragraph 74.

75.     This defendant denies.

76.     This defendant denies.

77.     This defendant denies.

78.     This defendant denies.

79.     This defendant denies.

80.     This defendant denies.

81.     In response to paragraph 81, this defendant submits that all deductions were related to purchases made on behalf of Plaintiffs, at Plaintiffs' request, for items that did not amount to tools or supplies necessary for sheepherding.  This defendant denies any remaining allegations asserted or implied in paragraph 81.

82.     This defendant denies.

83.     This defendant denies.

84.     In response to paragraph 84, this defendant submits that Plaintiff Yapias absconded[6] in April 2016.  This defendant denies any remaining allegations asserted or implied in paragraph 84.

85.     In response to paragraph 85, this defendant submits that Plaintiff Yapias absconded in April 2016.  This defendant denies any remaining allegations asserted or implied in paragraph 85.

86.     This defendant denies the allegations in paragraph 86 for lack of knowledge or sufficient information.

87.     This defendant denies the allegations in paragraph 87 for lack of knowledge or sufficient information.

88.     In response to paragraph 88, this defendant submits that Plaintiffs absconded from their jobs.[7]  This defendant denies any remaining allegations asserted or implied in paragraph 88.

89.     This defendant denies.

90.     This defendant denies.

91.     This defendant denies.

CAUSES OF ACTION

FIRST CLAIM FOR RELIEF
(Fair Labor Standards Act)

92.     This defendant incorporates all prior responses to the preceding paragraphs.

93.     This defendant denies.

94.     This defendant denies.

---

[6] *See supra* Note 1.
[7] *See supra* Note 1.

95.     This defendant denies.

96.     This defendant denies.

## SECOND CLAIM FOR RELIEF
### (Trafficking Victims Protection Reauthorization Act)

97.     This defendant incorporates all prior responses to the preceding paragraphs.

98.     This defendant denies, including all subparts.

99.     This defendant denies.

100.    This defendant denies, including all subparts.

101.    This defendant denies.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

102.    This defendant incorporates all prior responses to the preceding paragraphs.

103.    Paragraph 103 calls for a legal conclusion to which no response is required.

Solely to the extent a response is deemed required, this defendant denies.

104.    Paragraph 104 calls for a legal conclusion to which no response is required.

Solely to the extent a response is deemed required, this defendant denies.

105.    This defendant denies.

106.    This defendant denies.

107.    This defendant denies.

108.    This defendant denies.

109.    This defendant denies.

## FOURTH CLAIM FOR RELIEF
### (Quantum Meruit)

110.    This defendant incorporates all prior responses to the preceding paragraphs.

111.   This defendant denies.

112.   This defendant denies.

113.   This defendant denies.

### FIFTH CLAIM FOR RELIEF
#### (Intentional Infliction of Emotional Distress)

114.   This defendant incorporates all prior responses to the preceding paragraphs.

115.   This defendant denies.

116.   This defendant denies.

117.   This defendant denies.

118.   This defendant denies.

### SIXTH CLAIM FOR RELIEF
#### (Negligent Infliction of Emotional Distress)

119.   This defendant incorporates all prior responses to the preceding paragraphs.

120.   This defendant denies.

121.   This defendant denies.

122.   This defendant denies.

123.   This defendant denies.

### PRAYER FOR RELIEF

124.   This defendant denies, including all subparts.

WHEREFORE, Mr. Stamatakis prays that the Court dismiss Plaintiffs' Complaint, order that Plaintiffs take nothing in this action, and provide this defendant with all further relief as deemed appropriate by the Court.

//

## DEFENSES

### FIRST DEFENSE

Plaintiffs' state law claims are barred by the exclusive remedy provision of Utah's Workers' Compensation Act.

### SECOND DEFENSE

Plaintiffs' Complaint pleads that Plaintiffs were sheepherders on the range, and on that basis, any claim for AEWR or any other wage rate beyond the applicable sheepherder rate is barred.

### THIRD DEFENSE

This defendant specifically denies violating any federal or state constitutional, statutory, or common law rights of Plaintiffs.

### FOURTH DEFENSE

Plaintiffs have failed to mitigate their damages.  In addition, or alternatively, any compensation or benefits Plaintiffs have received after absconding[8] must be applied to reduce any damages claimed by Plaintiffs.

### FIFTH DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the doctrines of unclean hands, laches, and other equitable defenses.

### SIXTH DEFENSE

To the extent that Plaintiffs allege that they had contracts with this defendant (which this

---

[8] *See supra* Note 1.

defendant specifically denies), Plaintiffs voluntarily terminated their contracts by absconding[9] without notice and therefore are estopped and have waived any right to bring claims or seek damages or other relief from this defendant, including but not limited to back pay and front pay.

### SEVENTH DEFENSE

Plaintiffs' alleged damages, if any, were solely and/or proximately caused by Plaintiffs' own negligence or otherwise culpable conduct, with such conduct being equal to or greater than the alleged negligence or culpable conduct, if any, of this defendant.

### EIGHTH DEFENSE

This defendant's liability, if any, is limited in percentage of Plaintiffs' damages that is equal to the percentage of fault attributable to this defendant in accordance with Utah Code § 78B-5-818.  This defendant requests separate special verdict forms to compare the fault of Plaintiffs, any defendants, as well as any other person, entity, party, or parties who may have caused or contributed to the injury or damage for which relief is sought.

### NINTH DEFENSE

This defendant invokes the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### TENTH DEFENSE

At all times, this defendant acted (if at all) in good faith and had reasonable grounds for believing her actions were in compliance with the FLSA,[10] or otherwise were in conformity with and/or in reliance on administrative regulations, orders, ruling, approval, interpretation, or

---

[9] *See supra* Note 1.
[10] *See* 29 U.S.C. §§ 259 & 260.

practice of the Department of Labor.

//

ELEVENTH DEFENSE

This defendant did not know or show reckless disregard for whether her conduct (if any) was prohibited by the FLSA.

TWELFTH DEFENSE

This action is barred to the extent Plaintiffs seek recovery for time that is not compensable time, *i.e.*, "hours worked" under the FLSA.

THIRTEENTH DEFENSE

This defendant did not act in a purposeful or malice nature, and any award of punitive damages is therefore barred.

FOURTEENTH DEFENSE

As a matter of law, punitive damages may not be awarded in this case because any outrageous and malicious conduct, if any, and any is expressly denied, is likely to be deterred by other means.

FIFTEENTH DEFENSE

To the extent Plaintiffs may seek punitive damages, Plaintiffs' recovery is limited by applicable provisions of the FLSA and the Utah and/or United States Constitutions.

SIXTEENTH DEFENSE

Plaintiffs are not entitled to punitive/liquidated damages because this defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the agricultural exemptions in the FLSA, 29 U.S.C. § 213(a)(6)(E).

### EIGHTEENTH DEFENSE

Plaintiffs' TVPA claim is barred because Plaintiffs already knew, due to contractual disclosures and other information, that if they absconded,[11] they would be subject to deportation, negating any alleged threat as a matter of law.

### NINETEENTH DEFENSE

Plaintiffs' TVPA claim is barred because the alleged threats, which did not occur, do not amount to a sufficient threat to qualify for TVPA relief.

### TWENTIETH DEFENSE

Plaintiffs' TVPA claim is barred because the alleged threats, which did not occur, had no causal connection to or were otherwise not made to procure Plaintiffs' labor.

### TWENTY-FIRST DEFENSE

To the extent that Plaintiffs allege that they had contracts with this defendant (which this defendant specifically denies), Plaintiffs' equitable claims are barred.

### TWENTY-SECOND DEFENSE

This defendant specifically incorporates all defenses asserted by other defendants in this action to the extent not pled above, insofar as such defenses are not incompatible with this defendant's assertions regarding liability.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation,

---

[11] *See supra* Note 1.

codified at 29 U.S.C. § 255; Utah Code § 78B-3-309(2); § 78B-2-307(1)(a); and §78B-2-307(3).

### TWENTY-FOURTH DEFENSE

The injuries complained of by Plaintiffs were proximately caused by the actions of third-parties of which this defendant had no control, including but not limited to the United States government and/or all of its subdivisions, agencies, and related entities.

### TWENTY-FIFTH DEFENSE

Pursuant to Utah Code § 78B-5-825, this defendant is entitled to recover reasonable attorneys' fees against Plaintiffs to the extent that this action, in whole or in part, is brought in bad faith and is without merit.

### TWENTY-SIXTH DEFENSE

Plaintiffs' Complaint fails to state a claim.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of preemption.

### TWENTY-NINTH DEFENSE

To the extent that Plaintiffs allege that they had contracts with this defendant (which this defendant specifically denies), Plaintiffs' alleged breach of contract claim is barred, in whole or in part, due to oral modification of the applicable agreement.

### THIRTIETH DEFENSE

This defendant specifically reserves the right to assert additional defenses to the extent the need arises through further investigation or discovery.

### THIRTY-FIRST DEFENSE

Punitive damages in this case are prohibited by at least the following provisions of the United States and Utah Constitutions:

The due process clauses (including substantive and procedural due process) of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 7 of the Utah Constitution;

The taking clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 22 of the Utah Constitution;

The equal protection clauses of the Fourteenth Amendments to the United States Constitution, and Article I, § 24 of the Utah Constitution;

The prohibitions against excessive fines and punishments contained in the Eighth Amendment of the United States Constitution and Article I, § 9 of the Utah Constitution;

The rights given an accused by the Fifth and Sixth Amendments to the United States Constitution, and Article I, §§ 12 and 13 of the Utah Constitution;

The prohibition of ex post facto laws contained in Article I, § 18 of the Utah Constitution; and

The open courts provision, Article I, § 11 of the Utah Constitution.

Among the reasons an award of punitive damages in this case would violate these and other provisions of the United States and Utah Constitutions are the following:

The standards of conduct and standards for awarding punitive damages are vague and ambiguous;

Plaintiffs seek to punish defendant for the acts of others;

This defendant has not been given the same protections and guarantees as criminal defendants, such as protection from self-incrimination, charge upon adequately detailed information, proof beyond a reasonable doubt, etc.;

The state's power to punish is not invoked for the purpose of serving the public good, nor is it controlled by prosecutorial discretion, but rather, the state's power is invoked, unchecked, for the private purpose of retribution and greed; and

The threat of punishment will be used to chill defendant's access to open courts and extort a favorable civil resolution.

-21-

At a minimum, this defendant must be given the protections and guarantees of an accused under criminal law.

## THIRTY-SECOND DEFENSE

Under the provisions of U.C.A. § 78B-8-201, a portion of any punitive damage award goes to the State of Utah.  Therefore, the protections are subject to the Eighth Amendment to the U.S. Constitution, and Article I, § X of the Utah Constitution.

## THIRTY-THIRD DEFENSE

An award of punitive damages is subject to the due process clause of the U. S. Constitution and by Article I, § VII of the Utah Constitution.

## THIRTY-FOURTH DEFENSE

Punitive damages are subject to the limitations and requirements of U.C.A. § 78B-8-201.

## THIRTY-FIFTH DEFENSE

Plaintiffs must prove each and every element of any punitive damage award by clear and convincing evidence.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claim for punitive damages must be proven beyond a reasonable doubt.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claim for punitive damages is limited by the provisions of Utah Code § 76-3-301.

## THIRTY-EIGHTH DEFENSE

The Complaint fails to state a claim upon which punitive damages can be awarded.

## **RELIANCE ON JURY DEMAND**

-22-

This defendant hereby relies upon the Jury Demand as sought by Plaintiffs in their Complaint.

WHEREFORE, this defendant prays for judgment against Plaintiffs, for this action to be dismissed with prejudice, for reasonable attorneys' fees and cost, and any other relief that the Court deems just, equitable, and proper.

DATED this 4th day of March, 2019.

CHRISTENSEN & JENSEN, P.C.

*/s/ Tyler V. Snow*
Tyler V. Snow
Kristen C. Kiburtz
*Attorneys for Sharon Stamatakis &*
*Sharon Stamatakis as the Personal*
*Representative of the Estate of Pete*
*Stamatakis*

## CERTIFICATE OF SERVICE

I hereby certify that **DEFENDANT SHARON STAMATAKIS'S ANSWER TO FIRST AMENDED COMPLAINT** was served via the Court's ECF system this 4th day of March, 2019, to the following:

Shenna J. Knox
P. Alex McBean
UTAH LEGAL SERVICES
E: sknox@utahlegalservices.org
*Attorneys for Plaintiffs*

Andrew G. Deiss
Brent A. Orozco
Diana F. Bradley
DEISS LAW PC
E: adeiss@deisslaw.com
E: borozco@diesslaw.com
E: dbradley@diesslaw.com
*Attorneys for Defendant Mountain
Planes Agricultural Service*

J. Larry Stine
WIMBERLY, LAWSON, STECKEL,
SCHNEIDER & STINE, PC
E: jls@wimlaw.com
*Attorneys for Defendant Mountain
Planes Agricultural Service*

/s/ Bengta M. Hoffman